Deverie Christensen, Bar No. 6596
christensend@jacksonlewis.com
Phillip Thompson, Bar No. 12114
phillip.thompson@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461
*Attorneys for Defendant*
*AffinityLifeStyles.com*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LISA MARIE BAILEY, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AFFINITYLIFESTYLES.COM, INC.<br>d/b/a REAL ALKALIZED WATER, a<br>Nevada corporation; DOES I-X; and ROE<br>BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | CASE NO.: 2:16-cv-02684-JAD-VCF<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant AffinityLifeStyles.com, Inc. dba Real Alkalized Water, by and through its counsel of record, Jackson Lewis P.C., answers Plaintiff Lisa Marie Bailey's ("Plaintiff") Complaint as set forth below.

## JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1.      Responding to Paragraph 1 of Plaintiff's Complaint, Defendant admits this action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et. seq.*, and that the Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. 1331, but denies any wrongdoing or violations of these laws.

2.      Responding to Paragraph 2 of Plaintiff's Complaint, Defendant admits that venue is proper in this judicial district, but denies any acts or omissions giving rise to any claims.

3.      Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same on that basis.

10.     Responding to Paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff alleged facts in an EEOC filing claiming that Defendant subjected Plaintiff to discriminatory treatment based on religion, age, sex, disability, and equal pay, but Defendant denies those allegations in their entirety.

11.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the same on that basis.

12.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same on that basis.

## PARTIES

13.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same on that basis.

14.     Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same on that basis.

## GENERAL ALLEGATIONS

17.     Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Responding to Paragraph 20 of Plaintiff's Complaint, Defendant admits that it offered raises for employees who participated in optional training courses, some of which were authored or based on works by L. Ron Hubbard, but Defendant denies that any of the optional courses contained Scientology-related messages or undertones.

21. Responding to Paragraph 21 of Plaintiff's Complaint, Defendant admits that some of the courses approved and disseminated by Defendant were created or promoted by the World Institute of Scientology Enterprises ("WISE") and Defendant did not attempt to conceal this fact, but Defendant denies the remaining allegations contained in this Paragraph.

22. Defendant admits the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Responding to Paragraph 23 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to admit or deny what Plaintiff expected, but denies that it has an established religious culture amongst its employees or forces new employees to watch religious videos in exchange for pay raises.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Responding to Paragraph 25 of Plaintiff's Complaint, Defendant admits that Plaintiff earned $15.00 per hour while employed with Defendant, but denies the remaining allegations contained in this Paragraph.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Responding to Paragraph 27 of Plaintiff's Complaint, Defendant admits that Defendant placed Plaintiff on paid administrative leave approximately two weeks into her employment and changed her position from Human Resources Director to Human Resources Assistant / Director with no change in pay. Defendant denies the remaining allegations contained in this Paragraph.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Responding to Paragraph 29 of Plaintiff's Complaint, Defendant admits that it hired a Human Resources Director on or about on April 19, 2016.  Defendant denies the remaining allegations contained in this Paragraph.

30.     Responding to Paragraph 30 of Plaintiff's Complaint, Defendant admits that it changed Plaintiff's position to Human Resources Assistant / Director with the same pay rate of $15.00 per hour upon Plaintiff's return from her paid administrative leave.  Defendant denies the remaining allegations contained in this Paragraph.

31.     Responding to Paragraph 31 of Plaintiff's Complaint, Defendant admits that it hired Frank Consiglio as Human Resources Director on April 19, 2016.  Defendant denies the remaining allegations contained in this Paragraph.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Responding to Paragraph 33 of Plaintiff's Complaint, Defendant admits that the job description of Human Resources Assistant / Director included a goal to be offered the Human Resources Director Position, but denies that it made any promises to Plaintiff.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same on that basis.

34.     Responding to Paragraph 34 of Plaintiff's Complaint, Defendant admits it put Plaintiff in charge of signing up employees for optional training courses.  Defendant denies the remaining allegations contained in this Paragraph.

35.     Defendant denies the allegations contained Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations contained Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained Paragraph 37 of Plaintiff's Complaint.

38.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the same on that basis.

39.     Defendant denies the allegations contained Paragraph 39 of Plaintiff's Complaint.

40.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint and therefore denies the same on that basis.   Furthermore, Defendant avers that the phrase "substantially limited her major life activities" calls for a legal conclusion and requires no response; to the extent the court deems otherwise, Defendant denies the allegations.

41.     Defendant denies the allegations contained Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations contained Paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations contained Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations contained Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations contained Paragraph 46 of Plaintiff's Complaint.

47.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint and therefore denies the same on that basis.

48.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore denies the same on that basis.

49.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore denies the same on that basis.

50.     Responding to Paragraph 50 of Plaintiff's Complaint, Defendant admits that Plaintiff informed Mr. Consiglio via text message on June 9, 2016.  The text message referenced therein speaks for itself and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same on that basis.

51.     Defendant denies the allegations in Paragraph 51.

52.     Responding to Paragraph 52 of Plaintiff's Complaint, Defendant admits that Plaintiff requested additional time off work but denies that Mr. Consiglio demanded that Plaintiff

provide him with a new doctor's note every three days until she came back to work. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same on that basis.

53.     Responding to Paragraph 53 of Plaintiff's Complaint, Defendant admits that Mr. Consiglio recommended Plaintiff to go to an urgent care center in June of 2016 when she informed him that she was too ill to work and could not get a doctor's appointment until August of 2016. Defendant denies that Mr. Consiglio ordered Plaintiff to go to an urgent care. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same on that basis.

54.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained Paragraph 54 of Plaintiff's Complaint and therefore denies the same on that basis.

55.     Responding to Paragraph 55 of Plaintiff's Complaint, Defendant admits that Mr. Consiglio communicated with Plaintiff via text message on or about June 14, 2016 and avers that the text message referenced therein speaks for itself and to the extent that Plaintiff misrepresents its contents, Defendant denies the same. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and avers that the phrase "intruded on her medical privacy" calls for a legal conclusion and requires no response; to the extent the court deems otherwise, Defendant denies the allegations on those bases.

56.     Responding to Paragraph 56 of Plaintiff's Complaint, Defendant admits that Plaintiff emailed Mr. Consiglio, Brent Jones, and Blane Jones on June 14, 2016. Defendant avers that documentation referenced therein speaks for itself and to the extent that Plaintiff misrepresents its contents, Defendant denies the same. Defendant is without knowledge or information sufficient to admit or deny that Plaintiff was "feeling like she had to explain her medical situation once again," and therefore denies the same on that basis. Defendant denies the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Responding to Paragraph 57 of Plaintiff's Complaint, Defendant admits that while Plaintiff was out on a leave of absence, Mr. Consiglio asked for passwords and course files and that Plaintiff refused to provide the requested information.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 57 and therefore denies the same on that basis.

58.     Responding to Paragraph 58 of Plaintiff's Complaint, Defendant admits that Mr. Consiglio issued a "Non-Optimum Report" on June 14, 2016, speaks for itself and to the extent that Plaintiff misrepresents its contents, Defendant denies the same.

59.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained Paragraph 59 of Plaintiff's Complaint and therefore denies the same on that basis.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Responding to Paragraph 66 of Plaintiff's Complaint, Defendant admits it has been sued for religious discrimination once before.  Defendant denies that any employee or former employee has suffered adverse actions for refusing to participate in optional coursework and that Defendant has ever offered religious-based coursework.

67.     Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**

**Alleged Violation of Title VII of the Civil Rights Act; 42 U.S.C. § 2000e** *et. seq.*

**(Unlawful Employment Practice)**

68.     Responding to Paragraph 68 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**

**Alleged Violation of Title VII of the Civil Rights Act; 42 U.S.C. § 2000e** *et. seq.*

**(Intentional Discrimination – Disparate Treatment)**

76.     Responding to Paragraph 76 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

77.     Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

**Alleged Violation of Title VII of the Civil Rights Act; 42 U.S.C. § 2000e *et. seq.***

**(Intentional Discrimination – Hostile Work Environment)**

86.     Responding to Paragraph 86 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

**Alleged Violation of Title VII of the Civil Rights Act; 42 U.S.C. § 2000e *et. seq.***

**(Retaliation)**

99.     Responding to Paragraph 99 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

100.    Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

### Alleged Nevada State Law Violation

### (Violation of NRS 613.330 – Religious Discrimination)

110.    Responding to Paragraph 110 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

111.    Defendant denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

JACKSON LEWIS P.C.
LAS VEGAS

1

2

3

**SIXTH CLAIM FOR RELIEF**

**Alleged Nevada State Law Violation**

**(Tortious Discharge)**

4      114.    Responding to Paragraph 114 of Plaintiff's Complaint, Defendant repeats and re-

5   alleges each and every response made in the paragraphs above, as though set forth fully herein.

6      115.    Defendant denies the allegations contained in Paragraph 115 of Plaintiff's

7   Complaint.

8      116.    Defendant denies the allegations contained in Paragraph 116 of Plaintiff's

9   Complaint.

10      117.    Defendant denies the allegations contained in Paragraph 117 of Plaintiff's

11   Complaint.

12      118.    Defendant denies the allegations contained in Paragraph 118 of Plaintiff's

13   Complaint.

14

**SEVENTH CLAIM FOR RELIEF**

15

**Alleged Violation of Title I of the American With Disabilities Amendments Act;**

16

**42 U.S.C. §§ 12101 *et. seq.***

17

**(Disability Discrimination)**

18      119.    Responding to Paragraph 119 of Plaintiff's Complaint, Defendant repeats and re-

19   alleges each and every response made in the paragraphs above, as though set forth fully herein.

20      120.    Defendant denies the allegations contained in Paragraph 120 of Plaintiff's

21   Complaint.

22      121.     Defendant denies the allegations contained in Paragraph 121 of Plaintiff's

23   Complaint.

24      122.    Defendant denies the allegations contained in Paragraph 122 of Plaintiff's

25   Complaint.

26      123.    Defendant denies the allegations contained in Paragraph 123 of Plaintiff's

27   Complaint.

28

124.    Defendant denies the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125.    Defendant denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    Defendant denies the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 128 of Plaintiff's Complaint and therefore denies the same on that basis.

129.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 129 of Plaintiff's Complaint and therefore denies the same on that basis.

130.    Defendant denies the allegations contained Paragraph 130 of Plaintiff's Complaint.

131.    Responding to Paragraph 131 of Plaintiff's Complaint, Defendant admits that Plaintiff informed Mr. Consiglio via text message on June 9, 2016 that she was ill and would not be working that day.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same on that basis.

132.    Defendant denies the allegations in Paragraph 132 of Plaintiff's Complaint.

133.    Responding to Paragraph 133 of Plaintiff's Complaint, Defendant admits that Plaintiff requested additional time off work but denies that Mr. Consiglio demanded that Plaintiff provide him with a new doctor's note every three days until she came back to work.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same on that basis.

134.    Responding to Paragraph 134 of Plaintiff's Complaint, Defendant admits that Mr. Consiglio recommended Plaintiff to go to an urgent care center in June of 2016 when she informed him that she was too ill to work and could not get a doctor's appointment until August

of 2016.   Defendant denies that Mr. Consiglio ordered Plaintiff to go to an urgent care. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same on that basis.

135.   Defendant is without knowledge or information sufficient to admit or deny the allegations contained Paragraph 135 of Plaintiff's Complaint and therefore denies the same on that basis.

136.   Responding to Paragraph 136 of Plaintiff's Complaint, Defendant admits that Mr. Consiglio asked Plaintiff via text message on or about June 14, 2016, "What is the diagnosis to be out a whole week?"  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and therefore denies the same on that basis.

137.   Responding to Paragraph 137 of Plaintiff's Complaint, Defendant admits that Plaintiff emailed Mr. Consiglio, Brent Jones, and Blane Jones on June 14, 2016, stating that her diagnosis was due to ADHD, Depression, & Anxiety due to a variety of work related issues. Defendant is without knowledge or information sufficient to admit or deny that Plaintiff was "feeling like she had to explain her medical situation once again," and therefore denies the same on that basis.   Defendant denies the remaining allegations contained in Paragraph 137 of Plaintiff's Complaint.

138.   Responding to Paragraph 138 of Plaintiff's Complaint, Defendant admits that while Plaintiff was out on a leave of absence, Mr. Consiglio asked for passwords and course files and that Plaintiff refused to provide the requested information.   Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 57 and therefore denies the same on that basis.

139.   Defendant denies the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.   Defendant denies the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.   Defendant denies the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143. Defendant denies the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144. Defendant denies the allegations contained in Paragraph 144 of Plaintiff's Complaint.

145. Defendant denies the allegations contained in Paragraph 145 of Plaintiff's Complaint.

## EIGHTH CLAIM FOR RELIEF

**Alleged Violation of Title V of the American With Disabilities Amendments Act;**

**42 U.S.C. §§ 12203 *et. seq.***

**(Retaliation)**

146. Responding to Paragraph 146 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

147. Defendant denies the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148. Defendant denies the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149. Defendant denies the allegations contained in Paragraph 149 of Plaintiff's Complaint.

150. Defendant denies the allegations contained in Paragraph 150 of Plaintiff's Complaint.

151. Defendant denies the allegations contained in Paragraph 151 of Plaintiff's Complaint.

152. Defendant denies the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153. Defendant denies the allegations contained in Paragraph 153 of Plaintiff's

Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of Plaintiff's Complaint.

### NINTH CLAIM FOR RELIEF

**Alleged Nevada State Law Violation**

**(Violation of NRS 613.330 – Disability Discrimination)**

155.    Responding to Paragraph 155 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

156.    Defendant denies the allegations contained in Paragraph 156 of Plaintiff's Complaint.

157.    Defendant denies the allegations contained in Paragraph 157 of Plaintiff's Complaint.

158.    Defendant denies the allegations contained in Paragraph 158 of Plaintiff's Complaint.

### TENTH CLAIM FOR RELIEF

**Alleged Violation of the Age Discrimination in Employment Act of 1967 – 29 U.S.C.A. § 623**

**(Violation of NRS 613.330 – Disability Discrimination)**

159.    Responding to Paragraph 159 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

160.    Defendant admits the allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.    Defendant denies the allegations contained in Paragraph 161 of Plaintiff's Complaint.

162.    Defendant denies the allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.    Defendant denies the allegations contained in Paragraph 163 of Plaintiff's Complaint.

164.    Defendant denies the allegations contained in Paragraph 164 of Plaintiff's

Complaint.

165. Defendant denies the allegations contained in Paragraph 165 of Plaintiff's Complaint.

## ELEVENTH CLAIM FOR RELIEF

**Alleged Violation of the Fair Labor Standards Act of 1938, as amended by the**

**Equal Pay Act of 1963 ("EPA"), 29 U.S.C.A. §§ 206, et seq.**

166. Responding to Paragraph 166 of Plaintiff's Complaint, Defendant repeats and re-alleges each and every response made in the paragraphs above, as though set forth fully herein.

167. Defendant denies the allegations contained in Paragraph 167 of Plaintiff's Complaint.

168. Defendant denies the allegations contained in Paragraph 168 of Plaintiff's Complaint.

169. Defendant denies the allegations contained in Paragraph 169 of Plaintiff's Complaint.

170. Defendant denies the allegations contained in Paragraph 170 of Plaintiff's Complaint.

171. Defendant denies the allegations contained in Paragraph 171 of Plaintiff's Complaint.

172. Defendant denies the allegations contained in Paragraph 172 of Plaintiff's Complaint.

173. Defendant denies the allegations contained in Paragraph 173 of Plaintiff's Complaint.

174. Defendant denies the allegations contained in Paragraph 174 of Plaintiff's Complaint.

175. Defendant denies the allegations contained in Paragraph 175 of Plaintiff's Complaint.

176. Defendant denies the allegations contained in Paragraph 176 of Plaintiff's Complaint.

**DEMAND FOR JURY TRIAL**

177.    Defendant avers that Paragraph 177 of Plaintiff's Complaint does not call for a response from Defendant.

**PRAYER FOR RELIEF**

Defendant denies the allegations contained in the Prayer for Relief in Plaintiff's Complaint to the extent they are asserted against Defendant, and further denies Plaintiff is entitled to any damages, interest, punitive damages, attorney's fees and costs or any other relief.

**GENERAL DENIAL**

To the extent not specifically admitted herein, the allegations of the Complaint are hereby denied.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    To the extent applicable, each and every allegation made by Plaintiff is time barred.

3.    To the extent applicable, Plaintiff's claims are barred by virtue of the doctrines of waiver, laches, estoppels, and unclean hands.

4.    To the extent applicable, one or more of Plaintiff's claims are barred due to her failure to exhaust administrative remedies.

5.    Plaintiff has suffered no damages as a result of any claim contained in the Complaint.

6.    To the extent applicable, Plaintiff's damages are diminished in whole or in part by virtue of her failure to mitigate damages.

7.    Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendant, but was caused by circumstances, persons, and/or entities for which and/or by whom Defendant is not and may not be held responsible, including

Plaintiff, and for which Defendant cannot be held liable.

8.      The damages sustained by Plaintiff, if any, were caused by her own acts and/or omissions and not those of Defendant.

9.      If Plaintiff is adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages, salaries, and/or social security payments received by Plaintiff.

10.     Defendant has breached no duty owed to Plaintiff under state or federal law.

11.     Plaintiff's claims are barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

12.     Plaintiff's claims fail because any employment actions taken with respect to Plaintiff were taken for lawful, non-discriminatory and non-retaliatory causes and reasons.

13.     Defendant alleges it exercised reasonable care to prevent and promptly correct any discriminatory, harassing and/or retaliatory behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

14.     Defendant alleges that it instituted and enforced a proper and/or effective anti-discrimination/harassment policy and Plaintiff failed to timely complain.

15.     Defendant alleges that if the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant under theories of respondeat superior or vicarious liability.

16.     In the event that it is concluded that a prohibited factor motivated any act alleged by Defendant against Plaintiff, the same acts would have been undertaken even absent said alleged improper or discriminatory motive and, as such, Plaintiff is not entitled to any relief.

17.     Plaintiff's claims are barred because any alleged acts committed by Defendant were done for legitimate, non-discriminatory business causes and reasons.

18.     At all relevant times Defendant acted reasonably, for cause and/or in good faith toward Plaintiff and has not violated any rights which may be secured to her under the Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and/or Nevada law.

19.     Plaintiff's claims are barred to the extent she is not "disabled" as that term is defined by the ADA and Nevada law.

20.     Plaintiff's claims are barred to the extent that she is not a "qualified person with a disability" as defined by the Americans with Disabilities Act and Nevada law.

21.     Plaintiff's damages are limited by any applicable statutory cap, including, but not limited to, the statutory cap set forth in 42 U.S.C. § 1981(a).

22.     Plaintiff's claims are barred in whole or in part because any failure by Defendant to accommodate Plaintiff's purported disability or to engage in the interactive process to ascertain which, if any, accommodations were reasonable was caused by Plaintiff's failure to participate in the process, notwithstanding Plaintiff's ample opportunity to do so without retaliation.  Therefore, any alleged failure by Defendant to engage in an interactive process or to make reasonable accommodations was caused by Plaintiff's conduct and Plaintiff is thus barred from recovering based on the equitable doctrines of waiver, estoppel and unclean hands.

23.     Plaintiff's claims are barred, in whole or in part, because Defendant satisfied and/or discharged its duty to engage Plaintiff in good faith interactive discussions to determine the availability of effective reasonable accommodations.

24.     On information and belief, Plaintiff's claims are barred, in whole or in part, because granting the accommodation(s) Plaintiff sought or desired would have posed an undue hardship on Defendant's business operations.

25.     To the extent any disparity existed in Defendant's employees' pay, such disparity was based on one or more of the following factors:

        (a) a seniority system;

(b) a merit system;

(c) a pay system based on quantity or quality of output; and/or

(d) any factor other than sex.

26.    Plaintiff has failed to allege facts sufficient to justify an award of attorney's fees.

27.    Defendant alleges that upon information and belief, after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on her claims, if any.

28.    Defendant alleges that punitive damages constitute excessive fines prohibited by the United States and the Nevada Constitutions.  The relevant statutes do not provide adequate standards or safeguards for their application and they are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article I, Section 8 of the Nevada Constitution.

29.    Plaintiff fails to assert a claim for which Injunctive Relief may be granted as Plaintiff fails to show a likelihood of success on the merits, threat of irreparable harm, the balance of equities does not favor Plaintiff, and an injunction will not serve the public interest; rather, Plaintiff seeks an injunction for an award of back pay, benefits, and reinstatement or in the alternative front pay, solely for himself arising from the termination of his employment more than two years ago.

30.    Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, Defendant reserves the right to amend its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by way of his Complaint;

2.    That Plaintiff's Complaint be dismissed with prejudice in its entirety and judgment entered in favor of Defendant;

3.    That Defendant be awarded its attorneys' fees and costs; and

4.      That the Court awards Defendant any such other and further relief as it deems proper.

Dated this 17th day of January, 2017.

                                        JACKSON LEWIS P.C.


                                        /s/ Phillip C. Thompson
                                        Deverie J. Christensen, Bar No. 6596
                                        Phillip Thompson, Bar No. 12114
                                        3800 Howard Hughes Parkway, Suite 600
                                        Las Vegas, Nevada 89169
                                        *Attorneys for Defendant HRHH Gaming*
                                        *Senior Mezz, LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee Jackson Lewis P.C. and that on this 17th day of January, 2017, I caused to be sent via ECF filing, a true and correct copy of the above and foregoing **ANSWER TO COMPLAINT** to the following:

*Attorney for Plaintiff*

Joseph A. Gutierrez
MAIER GUTIERREZ AYON
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

*Attorneys for Plaintiff*

/s/ Kelley Chandler
Employee of Jackson Lewis P.C.

4837-3220-0000, v. 2

-23-