Deverie Christensen
Nevada Bar No. 6596
Phillip Thompson
Nevada Bar No. 12114
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel:  (702) 921-2460
Fax: (702) 921-2461
christensend@jacksonlewis.com
phillip.thompson@jacksonlewis.com

*Attorneys for Defendant*
*AffinityLifeStyles.com, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LISA MARIE BAILEY, an individual;<br><br>Plaintiff,<br><br>v.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:16-cv-02684-JAD-VCF<br><br>**MOTION TO STAY PENDING THE COURT'S DECISION ON DEFENDANTS' MOTION TO COMPEL ARBITRATION** |

Defendant AffinityLifeStyles.com, Inc. d/b/a Real Alkalized Water ("Real Water"), through its undersigned counsel, hereby moves this Court for a stay of these proceedings pending a decision on Defendants' Motion To Dismiss and Compel Arbitration (ECF No. 17) filed on April 6, 2017.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant filed a Motion to Dismiss and Compel Arbitration (the "Motion to Compel") on April 6, 2017.  ECF No.  17.  The parties subsequently agreed to stay discovery in this case for thirty days, until May 31, 2017, so as not to incur additional litigation costs pending a decision on

1    Real Water's Motion to Compel.  ECF No. 21.  The Court treated the stipulation to stay discovery

2    as a stipulation to extend discovery.  ECF No. 22.  Real Water now seeks a stay of this action until

3    its Motion to Compel can be heard.

4           Once presented with a motion to compel arbitration, the Court's jurisdiction and, in turn

5    any discovery or other pre-trial obligations, is limited only to determining whether the dispute is

6    arbitrable.  *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir. 1999).  If the dispute is

7    arbitrable, the case must be sent to arbitration where an arbitrator, not the Court, will be responsible

8    for discovery.  If the dispute is not arbitrable, only then are the parties permitted to engage in merit-

9    based discovery.  This limited scope of jurisdiction is designed to prevent parties, such as Plaintiff,

10   from circumventing their commitment to arbitration by beginning discovery in a judicial forum.

11          Courts in the Ninth Circuit regularly grant stays in similar situations to prevent parties from

12   avoiding the limits of discovery in arbitration and to ensure that parties seeking to enforce an

13   arbitration agreement are not irreparably harmed by the loss of the advantages of arbitration – speed

14   and efficiency – while the arbitration agreement is still being litigated. While Defendant faces the

15   risk of irreparable harm if no stay is granted, neither party will be subjected to any risk of harm if

16   discovery is briefly stayed while the proper forum for this matter is determined.

17          For the reasons articulated in this Motion to Stay, Defendants request that the Court stay

18   these proceedings, pending its determination on Defendant's Motion to Dismiss and Compel

19   Arbitration.  ECF No. 17.

20   **II.     PROCEDURAL HISTORY**

21          On April 6, 2017, Real Water filed a Motion to Dismiss and Compel Arbitration.  ECF No.

22   17.   This motion is currently pending before the Court.  Counsel for the parties conferred several

23   times between April 17, 2017, and April 27, 2017, regarding a stay of discovery in this matter

24   pending the Court's decision on the Motion to Compel, among other matters.  *See* Exhibit A,

Declaration of Phillip C. Thompson, ¶¶ 3-4.  The parties ultimately agreed to stay discovery for thirty days, through May 31, 2017, so as not to incur additional litigation costs pending the Court's decision on Real Water's Motion to Compel.  ECF No. 21.  However, Real Water preserved its right to file the instant motion to stay the proceedings pending resolution of its Motion to Compel. Ex. A, ¶ 4.  The Court treated the stipulation to stay discovery as a stipulation to extend discovery, and entered an order granting the extension.  ECF No. 22.  For the reasons set forth below, Real Water requests a stay of these proceedings pending the Court's decision on its Motion to Compel.

III.   **ARGUMENT**

   A.   **A Brief Stay Is Necessary To Prevent Irreparable Harm And Promote Judicial Economy**

The Ninth Circuit has held that, under the Federal Arbitration Act ("FAA"), once a court is presented with a motion to compel arbitration, the court's jurisdiction is limited to making a determination about the arbitrability of the underlying dispute. *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir. 1999). Under the FAA, discovery is permitted, if at all, ***only*** regarding "issues related to the making and performance of the agreement to arbitrate." *Id.; Coneff v. AT&T Corp.,* 2007 WL 738612, * 2 (W.D. Wash. Mar. 9, 2007). Simply put, discovery on the underlying merits of a claim is not appropriate or permissible while a motion to compel arbitration is pending. *Id.*

However, this is ***exactly*** what will happen if the Court does not allow a brief stay.  Plaintiff may seek full, broad-based discovery on the ***merits*** of her claim.  The parties conducting merit-based discovery before the issue of arbitrability is resolved would "put the cart before the horse." *CIGNA Healthcare Of St. Louis, Inc. v. Kaiser,* 294 F.3d 849, 855 (7th Cir. 2002); *see Klepper v. SLI, Inc.,* 45 Fed.Appx. 136, 139 (3d Cir. 2002).  Neither the parties, nor the Court, should be required to expend time and resources on discovery and litigation of this matter which may ultimately be the responsibility of an arbitrator and potentially not within the scope of the

arbitration. *See Mundi v. Union Sec. Life Ins. Co.,* 2007 WL 2385069, * 6 (E.D. Cal. Aug. 17, 2007).  Indeed, the Ninth Circuit has held that if a party is required to proceed with discovery while the enforceability of an arbitration agreement is still being litigated, "the advantages of arbitration - speed and economy - are lost forever" and that such a loss is **serious and irreparable.** *Winig v. Cingular Wireless,* 2006 WL 3201047, * 2 (N.D. Cal. Nov. 6, 2006) (quoting Alascom, Inc. v. ITTN Elec. Co., 727 F.2d 1419, 1422 (9th Cir. 1984)) (emphasis added).

Under circumstances nearly identical to those present here, federal courts, including courts in this jurisdiction and circuit, regularly stay discovery and other pre-trial obligations pending a decision on a party's motion to compel arbitration.  *See, e.g., Andrus v. D.R. Horton, Inc.,* 2012 WL 1971326, * 4 (D. Nev. June 1, 2012) (staying this action pending the court ruling on the motion to compel arbitration)*; Stiener v. Apple Computer, Inc.,* 2007 WL 4219388, * 1 (N.D. Cal. Nov. 29, 2007) (a stay of initial scheduling obligations and discovery pending determination of motion to compel is prudent because, "if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators," not the court); *Coneff,* 2007 WL 738612 at * 2 (staying all discovery on the merits until decision on motion to compel arbitration issued); *Merrill Lynch, Inc. v. Coors,* 357 F.Supp.2d 1277, 1280 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of the motion to compel arbitration in interests of judicial economy); *Cunningham v. Van Ru Credit Corp.,* 2006 WL 2056576 (E.D. Mich. July 21, 2006) (same); *Intertec Contracting v. Turner Steiner Int'l.,* 2001 WL 81224, * 7 (S.D.N.Y. 2001) (same); *Mundi,* 2007 WL 2385069 at * 5 (staying discovery pending interlocutory appeal of district court's decision to deny motion to compel arbitration); *Ross v. Bank of Am.,* 2006 WL 36909, at * 1 (S.D.N.Y. Jan. 6, 2006) (same); *Intertec Contracting v. Turner Steiner Int'l, S.A.,* 2001 WL 812224, at * 7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court"); *Winig,*

2006 WL 3201047 at * 2 (holding that stay of discovery pending appeal was necessary to prevent irreparable harm to defendant – the loss of speed and economy associated with arbitration); and *Alsacom v. ITT N. Elec. Co.,* 727 F.2d 1419, 1422 (9th Cir. 1984) (same).

**B.    The Weight of Equities Calls For A Stay**

Notwithstanding the long line of case law expressly instructing that a stay of pre-trial obligations is appropriate here, the Court also has the inherent authority to stay discovery "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). When such a stay is requested, courts must weigh "the competing interests which will be affected by the granting or refusal to grant a stay. . . .  Among these competing interests are the possible damages which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice . . . ". *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962).

As discussed above, the Ninth Circuit has expressly held that requiring a party to go forward with merit discovery while the issue of arbitration is still being litigated can result in "***serious and irreparable***" damage – *i.e.,* the loss of the benefits of arbitration. *Winig,* 2006 WL 3201047 at * 2 (citations and quotations omitted) (emphasis added); *see Stiener,* 2007 WL 4219388.  A brief stay also promotes judicial economy.  For example, if the parties proceed with litigation and the Court subsequently grants Defendants' Motion to Dismiss and Compel Arbitration, both sides will have lost the benefits traditionally associated with arbitration. *See Winig,* 2006 WL 3201047 at * 2; *Merrill Lynch, Inc.,* 357 F.Supp.2d at 1280 (quoting *Klepper v. SLI, Inc.,* 45 Fed. Appx. 136, 139 (3d Cir. 2002) ("requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue] may unnecessarily subject them to the very complexities, inconveniences and expenses of litigation that they determined to avoid.").

On the other hand, Plaintiff has not and cannot in good faith articulate or otherwise identify any harm, let alone serious or irreparable harm, that would result from a brief stay pending the Court's determination on Defendant's Motion.  When, as here, a party "claim[s] a right to arbitrate" at the outset of a litigation, it can "persuasively argue that it should not be exposed to the risk that it will have unnecessarily begun discovery should arbitration subsequently be compelled." *Jones v. Deutsche Bank AG,* 2007 WL 951811 (N.D. Cal. Mar. 28, 2007).  At worst, discovery may commence a few weeks or months later than Plaintiff would prefer, but discovery undoubtedly will be had.

## IV.    CONCLUSION

Defendant respectfully requests that the Court stay these proceedings until a decision has been entered on Defendant's Motion to Compel Arbitration.

Dated this 31st day of May, 2017.

JACKSON LEWIS P.C.

/s/ *Phillip C. Thompson*
Deverie J. Christensen, Bar No. 6596
Phillip C. Thompson, Bar No. 12114
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169

*Attorneys for Defendant*

1

## CERTIFICATE OF SERVICE

2          I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 31st day of

3   May, 2017, I caused to be served a true and correct copy of the above and foregoing **MOTION TO**

4   **STAY PENDING THE COURT'S DECISION ON DEFENDANT'S MOTION TO COMPEL**

5   **ARBITRATION** via ECF filing, to the following:

6

7   Joseph A. Gutierrez
    Maier Gutierrez Ayon
    8816 Spanish Ridge Avenue
8   Las Vegas, Nevada 89148

9
    *Attorney for Plaintiff*
10

11

12                                              /s/ Kelley Chandler
                                                Employee of Jackson Lewis P.C.
13

14

15

16

17

18   4824-1912-6345, v. 2

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

## <u>DECLARATION OF PHILLIP C. THOMPSON</u>

1.     I am an attorney at the law firm Jackson Lewis P.C., and am counsel to AffinityLifesStyles.com, Inc. d/b/a Real Alkalized Water ("Defendant" or "Real Water") in the litigation captioned *Bailey v. AffinityLifeStyles.com, Inc. d/b/a Real Alkalized Water.*, Case No. 2:16-cv-02684-JAD-VCF.

2.     On April 17, 2017, I made a request to Dannielle Barraza, counsel for Plaintiff, that the parties enter into a stipulation staying these proceedings pending the outcome of Real Water's motion to compel arbitration.

3.     On April 18, 2017, Ms. Barraza responded that Plaintiff would agree to enter a stipulation to stay discovery for thirty days.

4.     On April 27, 2017, I met and conferred with Ms. Barraza telephonically regarding this issue.  We agreed to file a stipulation to stay discovery in this matter for 30 days, with the understanding that if the Court did not issue a decision on Real Water's motion to compel arbitration before the stipulated stay expired, Real Water would file a motion to stay the proceedings pending the Court's decision on Real Water's motion to compel arbitration.

5.     The parties executed the stipulation to stay discovery for thirty days, expiring May 31, 2017, and Real Water submitted the stipulation to the Court.  ECF No. 21.

6.     The Court construed the stipulation to stay discovery as a request to extend discovery by thirty days.  ECF No. 22.

7.     Real Water now brings its motion to stay the proceedings pending a decision from the Court on Real Water's motion to compel arbitration.

8.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 31st day of May, 2017.

*/s/ Phillip C. Thompson*
Phillip C. Thompson