JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile:  702.629.7925
E-mail:     jag@mgalaw.com
            djb@mgalaw.com

*Attorneys for Plaintiff Lisa Marie Bailey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LISA MARIE BAILEY, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL ALKALIZED WATER, a Nevada corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-02684-JAD-VCF<br><br>**PLAINTIFF LISA MARIE BAILEY'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING THE COURT'S DECISION ON DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

Plaintiff, Lisa Marie Bailey ("Plaintiff"), by and through her counsel of record, the law firm MAIER GUTIERREZ & ASSOCIATES, hereby files this opposition ("Opposition") to Defendant Affinitylifestyles.com, Inc. d/b/a Real Alkalized Water ("Defendant")'s motion to stay pending the Court's decision on Defendant's motion to compel arbitration (ECF No. 24).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

This Opposition is made and based upon the following memorandum of points and authorities, the pleadings and papers on file herein, the exhibits attached hereto, and any oral argument at the time of the hearing.

DATED this 14th day of June, 2017.

                                              Respectfully submitted,

                                              **MAIER GUTIERREZ & ASSOCIATES**

                                              */s/ Danielle J. Barraza*
                                              JOSEPH A. GUTIERREZ, ESQ.
                                              Nevada Bar No. 9046
                                              DANIELLE J. BARRAZA, ESQ.
                                              Nevada Bar No. 13822
                                              8816 Spanish Ridge Avenue
                                              Las Vegas, Nevada 89148
                                              *Attorneys for Plaintiff Lisa Marie Bailey*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

After undisputedly <u>waiving</u> the right to compel arbitration by actively participating in the discovery process for months, Defendant has now filed a motion to stay the remaining month of discovery, which fully relies on the success of its untimely and meritless motion to compel arbitration.

Discovery is nearly complete, and even though it consented to this Court having jurisdiction over this matter, approved and executed the discovery plan, and extensively participated in its own discovery (through noticing custodian-of-record depositions and issuing written discovery requests to Plaintiff), Defendant has now suddenly demanded not only arbitration but also a stay of the remaining discovery, conveniently with the only discovery remaining being the depositions of members Defendants' company.

Granting a stay of discovery at this late stage would not only prejudice Plaintiff but it would actually reward Defendant's self-serving decision to wait until the last minute to file a motion to compel arbitration. This conduct should not be condoned, which is why Plaintiff respectfully requests that the Court deny Defendant's motion to stay discovery.

**II.  PROCEDURAL HISTORY**

Although Plaintiff fully detailed the procedural history at length in response to Defendant's motion to compel arbitration, another look at the timeline is warranted to show just how blatantly Defendant has waived any hypothetical right to compel this matter to arbitration, which correlates with the unreasonable nature of its instant motion to stay the remaining month of discovery.

Plaintiff initiated this action on November 22, 2016 [ECF No. 1] after Defendant, her former employer, subjected her to unwelcome religious propaganda, paid her less than her male counterpart, and then terminated her for no legitimate reason while she was on a medical leave of absence, only to replace her with a woman substantially younger than her.

In its Answer to Plaintiff's complaint [ECF No. 29], filed on January 17, 2017, Defendant admitted the following:

 1. Responding to Paragraph 1 of Plaintiff's Complaint, Defendant admits this action
    is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

3

et. seq., ***and that the Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. 1331***, but denies any wrongdoing or violations of these laws.

2. Responding to Paragraph 2 of Plaintiff's Complaint, ***Defendant admits that venue is proper in this judicial district***, but denies any acts or omissions giving rise to any claims.

*See* ECF No. 9 at p. 1 (emphasis added). Moreover, none of Defendant's affirmative defenses makes any mention of the case needing to be dismissed due to a binding arbitration agreement. *Id.*

Next, on February 3, 2017, the parties submitted a Joint Proposed Discovery Plan and Scheduling Order [ECF No. 11], wherein Defendant fully consented to the parameters of discovery and made no mention at all that it planned on filing a motion to compel arbitration or that it felt discovery should be stayed.

Thereafter, Defendant continually displayed its assent to this Court retaining jurisdiction over this matter by actively participating in discovery right away through noticing various depositions, such as the depositions of Plaintiff's former employers Wells Fargo and AppleOne, as well as the deposition of the custodian of records of Urgent Care Extra and the Nevada Equal Rights Commission. *See* **Exhibit 1**, Notice of Taking Deposition of Custodian of Records of Wells Fargo, National Association; **Exhibit 2**, Notice of Taking Deposition of Custodian of Records of Urgent Care Extra – Tropicana & Jones, LLC; **Exhibit 3**, Notice of Taking Deposition of Custodian of Records of Nevada Equal Rights Commission; **Exhibit 4**, Notice of Taking Deposition of Custodian of Records of Howroyd-Wright Employment Agency, Inc. dba AppleOne.

Defendant also issued written discovery requests to Plaintiff – another sign that Defendant had no problems with participating in the discovery process under the rules of the District of Nevada instead of under any arbitration program. *See* **Exhibit 5**, Defendant's First Set of Interrogatories to Plaintiff; **Exhibit 6**, Defendant's First Set of Requests for Production of Documents to Plaintiff.

Even more telling is the fact that Defendant actively participated in the Early Neutral Evaluation in this case on March 6, 2017, after first requesting and receiving Plaintiff's permission to stipulate to continuing the ENE from its original date not because of any notion that this case should

1  be in arbitration, but because Defendant's counsel had a scheduling conflict. *See* ECF No. 15, Order
2  Granting Stipulation to Continue the ENE.

3  Then, on April 10, 2017, nearly five months after litigation on this case commenced,
4  Defendant suddenly filed a motion to compel arbitration [ECF No. 17]. Plaintiff stresses that
5  Defendant's motion to compel arbitration is based on an employment agreement Plaintiff appears to
6  have signed on her first day of work, dated April 4, 2016 ("the Employment Agreement") – thus
7  <u>Defendant has had access to this Agreement this entire time</u>, and even disclosed the Agreement over
8  a month prior to filing the motion to compel arbitration.

9  Defendant's complete 180 degree reversal on its earlier statements and actions on this issue
10 literally come out of nowhere, and it appears that the only "justification" for Defendant filing a motion
11 at such a late stage in discovery is because it recently prevailed on a separate motion to compel
12 arbitration in a completely separate matter that has not been consolidated with this case. *See*
13 *Echevarria-Hernandez v. AffinityLifeStyles.Com, Inc*. 2017 U.S. Dist. LEXIS 45445, Case No. 2:16-
14 cv-00943-GMN-VCF (D. Nev. March 27, 2017).

15 Thereafter, the parties discussed potentially staying discovery pending a decision on the
16 motion to compel arbitration. Plaintiff only agreed to a limited stay, and the Court treated the limited
17 stay request as a request to extend discovery. ECF No. 22.

18 Discovery is now set to close in just a little over a month on July 24, 2017. *Id.*

19 **III.   LEGAL ARGUMENT**

20     **A.   LEGAL STANDARD**

21 The Court has inherent authority to grant a stay of litigation, as the "power to stay proceedings
22 is incidental to the power inherent in every court to control the disposition of the causes on its docket
23 with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299
24 U.S. 248, 254 (1936). This practice calls for "the exercise of judgment, which must weigh competing
25 interests and maintain an even balance." *Id.* at 254-55.

26     Where it is proposed that a pending proceeding be stayed, the competing interests
    which will be affected by the granting or refusal to grant a stay must be weighed.
27     Among these competing interests are the possible damage which may result from the
    granting of a stay, the hardship or inequity which a party may suffer in being required
28     to go forward, and the orderly course of justice measured in terms of the simplifying

<pre>                or complicating of issues, proof, and questions of law which could be expected to
                result from a stay.</pre>

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the balances of interest clearly weigh in favor of Ms. Bailey, and as explained below, Real Water will suffer absolutely no hardship in moving forward with this matter

As will be explained herein, *even if there was an enforceable agreement to arbitrate, Defendant has waived any such right to enforce that agreement and has therefore waived the right to stay discovery*, so the Motion should be denied.

    **B.**  **DEFENDANT CANNOT STAY DISCOVERY BECAUSE IT HAS WAIVED ANY RIGHT TO COMPEL ARBITRATION**

Defendant appears to be under the impression that it can simply "piggy-back" off of that ruling and that it should automatically apply to this case, but such an argument is nonsensical, especially when considering the different procedural postures between the *Echevarria-Hernandez* case and the instant *Bailey* case at the time each respective motion to compel arbitration was filed.

First, Defendant never even filed an Answer in the *Echevarria-Hernandez* case, opting to <u>immediately</u> file a motion to compel arbitration in its responsive pleading less than one month after Plaintiff filed her Complaint in that matter. As such, Plaintiff was on ample notice from the very beginning that Defendant believed the matter fell under the scope of an arbitration agreement and that Plaintiff was not allowed to litigate her claims in Court.

Further, as noted in the "Statement Regarding Exemption from Early Neutral Evaluation" in the *Echevarria-Hernandez* matter (ECF No. 13), Defendant actually <u>refused</u> to participate in an Early Neutral Evaluation specifically because it did not want to waste the Court's resources because "this Complaint should never have been filed in district court due to the arbitration agreement." *See* **Exhibit 7**, Defendant's Statement Regarding Exemption from ENE in the *Echevarria-Hernandez* Matter.

The fact that Defendant refused to conduct itself in the same manner in this case is telling, and Plaintiff relied upon those differences and the lack of any indication that Defendant wanted to bring this matter to arbitration in planning for discovery and participating in the ENE in good faith. This is a clear-cut case of a defendant waiving any hypothetical right to arbitration that may have existed,

1  and Plaintiff requests that the Court deny the egregiously untimely motion in its entirety pursuant to
2  the three *Fisher* standards delineated in *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691 (9th Cir.
3  1986).
4     As for the first factor, knowledge of an existing right to arbitration, Defendant arguably was
5  on notice of an existing right to arbitration from the inception of this case, as this case was not initiated
6  until November 22, 2016, which is well after the *Echevarria-Hernandez* matter (which was initiated
7  in April of 2016) was already deep in discovery, and therefore beyond the date that Defendant had
8  filed its motion to compel arbitration in the *Echevarria-Hernandez* matter in May of 2016.  Thus,
9  Defendant has no valid argument that it wasn't on notice of an employment agreement with an
10 arbitration clause at the start of this case, as it had already been involved in another matter and set
11 forth that same argument before Plaintiff even filed her Complaint.
12    Even giving Defendant the benefit of the doubt and assuming that it had a memory lapse that
13 prevented it from either remembering that its employment agreements contain arbitration provisions
14 or that this specific Plaintiff consented to the arbitration provision, Defendant was undisputedly on
15 notice from at least March 2, 2017 (the date it finally disclosed its initial documents in this case) that
16 there was an employment agreement with an arbitration provision, as that is when the employment
17 agreement was produced.  Plaintiff sat on this disclosure for over a month, again giving Plaintiff no
18 notice that it was planning on seeking to enforce any kind of arbitration provision that Plaintiff may
19 have signed, and is only now bringing forth the instant motion because of the *Echevarria-Hernandez*
20 ruling, all while blatantly ignoring all of the signs that it has given to Plaintiff (and the Court) that it
21 has no issues with litigating this matter in a judicial forum.
22    As for the second *Fisher* factor, acts inconsistent with that existing right, it cannot be stressed
23 enough just how inconsistently Defendant has acted with any supposed right he has to send this case
24 to arbitration.  Defendant filed an Answer without asserting any affirmative defenses related to a desire
25 to arbitrate Plaintiff's claims.  Defendant's Answer actually conceded that this Court has proper
26 jurisdiction and venue to address Plaintiff's Complaint.  Defendant has gone through over half the
27 entire discovery period, including noticing its own depositions and written discovery requests to
28 Plaintiff, without ever mentioning any desire to dismiss the case and compel arbitration.  Defendant

7

even attended the Early Neutral Evaluation (which is only required for cases properly before the District of Nevada), again without mentioning that it felt this case should be in arbitration.

There is an abundance of legal authority that suggests Defendant's decision to actively litigate this matter is indicative of a waiver of its arbitration rights (should it have any), which goes hand in hand with the third *Fisher* factor, prejudice to the party opposing arbitration due to the inconsistent acts. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (the Ninth Circuit found a waiver because "Shearson chose instead to litigate actively the entire matter—including pleadings, motions, and approving a pre-trial conference order—and did not move to compel arbitration until more than two years after the appellants brought the action."). *See e.g.*, *Kelly*, 552 Fed.Appx. at 664 (finding prejudice when the defendants waited eleven months to compel arbitration); *Joca-Roca Real Estate, LLC v. Brennan*, 772 F.3d 945, 949, 951 n. 7 (1st Cir. 2014) (finding prejudice with a nine-month delay after the filing of the complaint); *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 454–55 (3d Cir. 2011) (holding that a ten-month delay before moving to compel, while not dispositive, weighed in favor of waiver); *Messina v. N. Cent. Distrib., Inc.*, 821 F.3d 1047, 1051 (8th Cir.2016) (finding prejudice after an eight month delay); *and In re Mirant*, 613 F.3d at 591 (considering litigation expenses in prejudice inquiry after defendant waited 18 months before moving to compel arbitration).

Expanding on the prejudice factor, this case is strikingly similar to *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.,* 838 F. Supp. 2d 967, 979 (C.D. Cal. 2012), in which a defendant irrationally encouraged plaintiffs to pursue litigation before seeking to compel arbitration:

> By failing to assert a right to compel arbitration until now, Toyota has encouraged Plaintiffs to pursue their current litigation strategy, including pursuing their claims on a class-wide basis in a federal forum. Arbitration and litigation differ so much in form and procedure that the substance of a competent advocate's everyday decisions are necessarily shaped by and based on the method of adjudication. Litigation provides greater discovery, but at a much greater cost. Arbitration provides a more speedy resolution of an individual's claim, but lacks the efficiencies occasioned by class treatment of claims. ***Because Plaintiffs have been permitted to continue on their present path of class-wide litigation for so long, they would be prejudiced if their claims were required to be submitted to arbitration now***.

8

> As detailed above, class counsel have expended enormous amounts of resources in providing and reviewing discovery and engaging in motions practice before the Court and the Special Masters. They have engaged the services of experts. They have sought substantial third-party discovery. ***In the absence of an indication of an intent to compel arbitration, they have expended thousands of attorney hours prosecuting the present litigation in its present form. These activities would not have occurred in an individual arbitration.*** They represent not only expenditures of money, but also expenditures of the valuable commodity of class counsel's time.

*Id.* (emphasis added).

The reality is Plaintiff has planned out her entire litigation strategy and discovery methods based on Defendant's undisputed indications that this case is properly before the Court and not suitable for arbitration. The case is simply far too along for the Court to equitably grant Defendant's motion at this late stage, with only two months of discovery remaining. *See Martin v. Yasuda*, 829 F.3d 1118, 1127 (9th Cir. 2016) ("When a party has expended considerable time and money due to the opposing party's failure to timely move for arbitration and is then deprived of the benefits for which it has paid by a belated motion to compel, the party is indeed prejudiced."). Accordingly, Plaintiff respectfully requests that the Court deny Defendant's motion to stay discovery on the grounds of waiver.

### C. A STAY OF DISCOVERY AT THIS LATE STAGE WOULD ONLY PREJUDICE PLAINTIFF – NOT DEFENDANT

It cannot be denied what Defendant is trying to do here: participate in discovery as it sees fit and benefit from Plaintiff having to respond to written discovery requests, but then claim unfairness and rush to compel arbitration when Plaintiff wants to complete the discovery process through depositions. Defendant cites to a litany of case law in support of its motion, but the facts in those cases all link to one common denominator that is missing here: a defendant timely and immediately filing for a motion to compel arbitration and to stay discovery as soon as litigation started, instead of sitting on its rights and only seeking to stay discovery after it had substantially participated in the process by sending out written discovery requests and setting depositions.

For example, Defendant heavily cites to *Andrus v. D.R. Horton, Inc.*, No. 2:12-CV-00098-ECR, 2012 WL 1971326, at *3 (D. Nev. June 1, 2012), a case it claims is "nearly identical" to this case, but that case involved a defendant refusing to sign off on the plaintiff's proposed discovery plan

9

1  and scheduling order because it had already filed a motion to compel arbitration and a motion to stay
2  proceedings and did not agree to the scope of discovery plaintiff was suggesting. *See id.* at *1.

3  The list of cases Defendant cites to goes on, with Defendant blatantly ignoring that <u>all of those
4  other defendants actually preserved their right to compel</u>, unlike Defendant. *See*, *e.g*. *Coneff v. AT &
5  T Corp.*, No. C06-0944RSM, 2007 WL 738612, at *1 (W.D. Wash. Mar. 9, 2007) ("Shortly after
6  plaintiffs filed this action, defendants filed a Motion to Compel Arbitration.");
7  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1277 (D. Colo. 2004)
8  (the Complaint was filed on August 3, 2004, and defendant filed a motion to stay discovery just two
9  months later on October 7, 2004); *Cunningham v. Van Ru Credit Corp.*, No. 06-10452, 2006 WL
10 2056576, at *1 (E.D. Mich. July 21, 2006) (Complaint was filed on February 1, 2006, and Defendant
11 immediately filed a motion to compel arbitration on April 17, 2006 followed by a motion to stay
12 discovery on April 21, 2006 without participating in discovery).

13 Indeed, the only case Plaintiff could find that actually does closely resemble the facts herein
14 is *Jones v. Deutsche Bank AG*, No. C 04 5357 FW RS, 2007 WL 951811, at *1 (N.D. Cal. Mar. 28,
15 2007), where a Court rightfully denied a motion to stay discovery pending a decision on a motion to
16 compel arbitration because the defendant unreasonably waited until the parties were deep in discovery
17 before filing a motion seeking to compel arbitration and stop the discovery process:

18 > Deutsche Bank asserts that it moved to compel arbitration promptly upon learning of
>  the agreement containing the arbitration agreement. Plaintiff contends that Deutsche
19 > Bank knew or should have known of the arbitration provision long ago, given various
>  disclosures made at earlier points in time. Regardless of when it did learn, or could
20 > have learned, of the arbitration clause, Deutsche Bank contends that any delay in
>  bringing the motion presents only a question of possible *waiver* of the right
21 > to arbitrate, which it asserts, is a question for the arbitrator to decide. Even assuming
>  Deutsche Bank is correct that the arbitrator will be making the waiver decision in the
22 > event there is otherwise a right to arbitrate, ***that does not change the fact that
>  the motion is being brought comparatively late in this litigation process, and long
23 > after the parties (and the Court) have expended considerable resources in discovery
>  and other proceedings***
24

25 *Jones v. Deutsche Bank AG*, No. C 04 5357 FW RS, 2007 WL 951811, at *1 (N.D. Cal. Mar. 28, 2007)
26 (emphasis added). Thus, while the *Jones* Court noted that "this is not a routine case," it held that the
27 Bank "failed to establish that the Court should exercise its discretion in favor of a stay, and denied the
28 stay request. *Id.* at * 2.

That is exactly what this Court should do here. Instead of rewarding Defendant for sleeping on any hypothetical arbitration rights and only seeking to stay discovery at its own convenience, the Court should deny this motion and allow the parties to proceed with the remaining month of discovery, which is what the balance of the equities calls for, per the *Jones* decision:

> Although Deutsche Bank argues that it should not be placed in a worse position simply as a result of having not been aware of the arbitration provision at the outset of this case, the balancing of competing interests is necessarily different under the present circumstances than it would be at the beginning of litigation. A party claiming a right to arbitrate can persuasively argue that it should not be exposed to the risk that it will have unnecessarily begun discovery should arbitration subsequently be compelled. ***Deutsche Bank's present argument that it should not be required to take the risk that additional discovery will prove to have been unnecessary has significantly less force. Conversely, the risk that a stay will cause prejudice to the parties and to the orderly management of the Court's docket in the event arbitration is not compelled is far greater at this point in the proceedings than it would be in a newly-filed case***.

*Id.* at *1. Defendant insists that "at worst, discovery may commence a few weeks or months later than Plaintiff would prefer, but discovery will undoubtedly be had." ECF No. 24 at p. 6. This completely ignores the fact that discovery will inevitably grow stale if Plaintiff is forced to hold off on the depositions she has already noticed, and memories will inevitably fade which will only help Defendant and prejudice Plaintiff.

Defendant simply should not be able to benefit in the discovery process by exhausting Plaintiff's memory via written discovery requests, and then expect Plaintiff to hold off for months, and potentially a year, before she can conduct depositions that will also exhaust the memories of members of Defendant's company.

Accordingly, Plaintiff requests that the motion to stay discovery – which is actually a motion to stay <u>additional</u> discovery, as discovery is nearly complete – be denied in its entirety.

**D.   CONCLUSION**

Based on the above, Defendant has no valid argument to stay the remainder of discovery. The entire motion is based on the success of Defendant's untimely and meritless motion to compel arbitration, which Defendant only filed after acknowledging this Court has jurisdiction over this matter and then fully participating in the discovery process by issuing deposition notices and written discovery requests. Plaintiff respectfully requests that this Court deny Defendant's Motion in its

entirety and allow the litigation to proceed under this Court's jurisdiction.

DATED this 14th day of June, 2017.

                                                Respectfully submitted,

                                                **MAIER GUTIERREZ & ASSOCIATES**

                                                _/s/ Danielle J. Barraza_____
                                                JOSEPH A. GUTIERREZ, ESQ.
                                                Nevada Bar No. 9046
                                                DANIELLE J. BARRAZA, ESQ.
                                                Nevada Bar No. 13822
                                                8816 Spanish Ridge Avenue
                                                Las Vegas, Nevada 89148
                                                *Attorneys for Plaintiff Lisa Marie Bailey*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2017, I served a true and correct copy of the foregoing **PLAINTIFF LISA MARIE BAILEY'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING THE COURT'S DECISION ON DEFENDANT'S MOTION TO COMPEL ARBITRATION** via electronic mail and by depositing a true and correct copy of the same, enclosed in a sealed envelope upon which first class postage was fully prepaid, in the U.S. Mail at Las Vegas, Nevada, addressed to the following parties:

Deverie Christensen, Esq.
Philip C. Thompson, Esq.
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
*Attorneys for Defendant Affinitylifestyles.com, Inc.
d/b/a Real Alkalized Water*

   */s/ Natalie Vazquez*
   An Employee of MAIER GUTIERREZ & ASSOCIATES