# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| LISA MARIE BAILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. dba REAL ALKALIZED WATER, a Nevada Corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, 1 through 10 inclusive,<br><br>    Defendants. | 2:16-cv-02684-JAD-VCF<br><br>**ORDER**<br><br>MOTION TO STAY PENDING THE COURT'S DECISION ON DEFENDANTS' MOTION TO COMPEL ARBITRATION (ECF No. 24) |

  Before the Court is Defendant AffinityLifeStyles.com, Inc. dba Real Alkalized Water's ("Real Water's") Motion to Stay Pending the Court's Decision on Defendants' Motion to Compel Arbitration (ECF No. 24). Plaintiff Lisa Marie Bailey filed a Response (ECF No. 25) and Real Water filed a Reply (ECF No. 26).

## I. BACKGROUND

  On November 22, 2016, Bailey filed her Complaint alleging that Real Water, as Bailey's employer, discriminated against her based on her religion, disability, gender, and age. *See* ECF No. 1 at 2. Real Water answered the complaint on January 17, 2017. *See* ECF No. 9. On February 3, 2017, the parties submitted a joint proposed discovery plan and scheduling order, which this Court approved three days later. *See* ECF Nos. 11, 12.

  Real Water filed a motion to compel arbitration on April 10, 2017. *See* ECF No. 17. The parties filed a stipulation to stay discovery for 30 days on May 9, 2017, pending a decision on Real Water's motion to compel arbitration. *See* ECF Nos. 21; 24 at Ex. A. The parties sought a brief stay "so that

1

neither the parties nor the Court will be required to spend time and resources conducting discovery which may ultimately be the responsibility of an arbitrator." *Id*. This Court approved the parties' stipulation, but construed the stipulation to stay discovery as a stipulation to extend discovery. *See* ECF No. 22. On May 31, 2017, Real Water filed its motion to stay pending the court's decision on defendants' motion to compel arbitration. *See* ECF No. 24.

## II. DISCUSSION

### A. Arguments

Real Water asks this Court to stay all pre-trial obligations, including discovery, pending a decision on its motion to compel arbitration (ECF No. 17). Real Water argues that a stay is warranted, because "[o]nce presented with a motion to compel arbitration, the Court's jurisdiction and, in turn, any discovery or other pre-trial obligations, is limited only to determining whether the dispute is arbitrable." *See* ECF No. 24 at 2. Real Water asserts that courts in the Ninth Circuit regularly stay discovery in similar situations "to ensure that parties seeking to enforce an arbitration agreement are not irreparably harmed by the loss of the advantages of arbitration – speed and efficiency – while the arbitration agreement is still being litigated." *Id.* A brief stay, according to Real Water, will neither harm, nor prejudice either party. *Id.*

Bailey responds that, under the factors articulated in *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691 (9th Cir. 1986), Real Water waived its right to compel arbitration by "actively participating" in the discovery process for months. *See* ECF No. 25 at 3, 6-7. Bailey claims that Real Water was on notice of an existing right to arbitration from the beginning of this case because it had already been involved in a similar matter (*Echevarria-Hernandez v. Affinitylifestyles.com, Inc.*, No. 2:16-cv-00943-GMN-VCF, 2017 WL 1160571, at *1 (D. Nev. Mar. 27, 2017)). *Id*. at 7. Bailey asserts that Real Water engaged in acts that are inconsistent with its right to arbitrate. In particular, Bailey notes that Real Water (1) "filed an Answer without asserting any affirmative defenses related to a desire to arbitrate Plaintiff's claims"

2

and "actually conceded that this Court has proper jurisdiction and venue to address Plaintiff's Complaint"; (2) "has gone through over half the entire discovery period, including noticing its own depositions and written discovery requests to Plaintiff"; and (3) "attended the Early Neutral Evaluation (which is only required for cases properly before the District of Nevada) … without mentioning that it felt this case should be in arbitration." *See* ECF Nos. 25 at 4, 7-8; 25-1. Bailey asserts under the third and final *Fisher* factor that she is prejudiced due to Real Water's inconsistent acts. *Id*. at 8. Bailey argues that she "has planned out her entire litigation strategy and discovery methods based on Defendant's undisputed indications that this case is properly before the Court and not suitable for arbitration." *Id*. at 9. According to Bailey, Real Water "should not be able to benefit in the discovery process by exhausting Plaintiff's memory via written discovery requests, and then expect Plaintiff to hold off for months, and potentially a year, before she can conduct depositions that will also exhaust the memories of members of Defendant's company" which will "inevitably fade." *Id*. at 11. "Granting a stay of discovery at this late stage," Bailey claims, would only prejudice her; not Real Water. *Id*. at 3, 9, 11.

Real Water replies that discovery is not nearly complete. *See* ECF No. 26 at 2. Real Water asserts that "each party has propounded written discovery requests, and Real Water has issued basic subpoenas for records from Plaintiff's prior employers and the Nevada Equal Rights Commission," but no depositions have been conducted in this case. *Id*. According to Real Water, "there is far more discovery remaining than discovery that has been completed," including at least seven depositions, probable subpoenas, any remaining written discovery, potential discovery motions, and briefing summary judgment motions. *Id*. at 3. Real Water argues that failure to grant a stay could result in "serious and irreparable" prejudice, including the loss of the advantages of arbitration—the inexpensive and expeditious means by which the parties had agreed to resolve their disputes. *See* ECF Nos. 26 at 5, 11; 24 at 2, 5. Real Water

also notes that it "is in the interest of conserving the resources of the parties and the Court to stay discovery in this action pending a determination of Real Water's Motion to Compel." *See* ECF No. 26. At 9.

**B. Legal Standards**

A district court has discretionary power to stay proceedings in its own court. *See Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Leyva v. Certified Grocers of California, Ltd*., 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it …"); 7C Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 1838 (3d ed. 2010) ("[W]hether to grant a stay in a particular case is a matter addressed to the sound discretion of the district court.").

When evaluating a motion to stay discovery while an allegedly dispositive motion is pending, the Court initially considers the goal of Federal Rule of Civil Procedure 1: The Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1; *see also* 4 Wright et al., *supra*, § 1029 ("There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be interpreted."). Discovery is not "a free form exercise conducted in a free for all spirit"; it's expensive. *See, e.g.*, *In re Convergent Techs. Sec. Litig*., 108 F.R.D. 328, 331 (N.D. Cal. 1985). Courts have a duty to resolve civil matters fairly, but without undue cost or delay. *See* Fed. R. Civ. P. 1 advisory committee notes, 1993 Amendments (explaining that the purpose of the 1993 amendment "is to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not

4

only fairly, but also without undue cost or delay."); *see also* 4 Wright et al., *supra*, § 1011.[1] This directive is echoed by Rule 26, which instructs the Court to balance the expense of discovery against its likely benefit.

While a Court is determining the issue of whether an action should be stayed and the parties compelled to arbitrate, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967); *see also Sparking v. Hoffman Construction Co.*, 864 F.2d 635, 638 (9th Cir. 1988). "[D]iscovery and a full trial in connection with a motion to compel arbitration" is permitted under 9 U.S.C. § 4 only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *See id.*; *see also* 9 U.S.C § 4. To require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).

**C. Motion to Stay**

The Court has considered Real Water's motion to stay, Bailey's response, and Real Water's reply. *See* ECF Nos. 24, 25, 26. In weighing the competing interests which will be affected by the granting or refusal to grant a stay, the Court finds that a stay of discovery in this action pending a determination of Real Water's motion to compel arbitration is warranted. *See Mundi v. Union Sec. Life Ins. Co.*, 2007 WL

---

[1] Effective December 1, 2015, Fed. R. Civ. P. 1 was further amended to impose a similar obligation on the parties. It now states that the Rules must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1 advisory committee notes, 2015 Amendments. The new language, however, "does not create a new or independent source of sanctions." *Id*.

5

2385069, at *6 (E.D. Cal. 2007) (holding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration"); *see also Turner Broad. Sys., Inc.*, 175 F.R.D. at 556 ("Whether to grant a stay is within the discretion of the Court and its decision to allow or deny discovery is reviewable only for abuse of discretion." (citing *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)). If the motion to compel arbitration is granted and the "dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators …" *See, e.g.*, *Miceli v. Citigroup, Inc*, No. 2:15-cv-01962-GMN-VCF, 2016 WL 1170994, at *2 (D. Nev. Mar. 22, 2016) (citing *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002)); *see also Andrus v. D.R. Horton, Inc*., No. 2:12-cv-00098-ECR-VCF, 2012 WL 1971326 (D. Nev. June 1, 2012).

Discovery is not cheap. Real Water and Bailey have engaged in some discovery in this case, including serving and responding to interrogatories, request for admissions, and requests for production of documents. Depositions have not yet been conducted. *See* 20 Wright et al., *supra*, § 90 ("The most important of the discovery devices is the oral deposition. It is used far more often than any other device, despite the fact that it is the most expensive, because lawyers can accomplish more purposes by oral depositions than by the other devices."). Additionally, there has been some delay in Real Water moving for arbitration. Bailey filed her complaint on November 22, 2016. Real Water answered on January 17, 2017. Real Water filed its motion to compel arbitration on April 10, 2017, and a motion to stay on May 31, 2017. That the parties have expended some time and money in participating in the discovery process is beyond dispute. Even so, the Court is not persuaded that any prejudice to Bailey would be significant enough to outweigh the importance of resolving the question of arbitration while preserving its key advantages—speed and economy.

Bailey directs the Court to, among other cases, *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig*., 838 F. Supp. 2d 967, 973 (C.D. Cal. 2012). However, that

case is distinguishable. The court in that case specifically noted that the "enormity of the present litigation should not be understated," as the "present action potentially involves the class claims of forty million class members." *Id*. at 978-79. What is more, during the 11 months between the filing of the amended complaint and the motion to compel arbitration, "over 1,400 filing were made," the parties "engaged in extensive motions practice before the Court," and the court "held seventeen hearings." *Id*. To the contrary, this case is an employment discrimination case between one defendant and one plaintiff. The time period from when the complaint was filed and the motion to compel arbitration is less than 5 months. And only 27 filings have been docketed in this matter. Neither a motion to dismiss, nor a motion for summary judgment has been filed.

Bailey also directs the Court to *Jones v. Deutsche Bank AG*, No. C 5:04-cv-5357-JW-RS, 2007 WL 951811 (N.D. Cal. Mar. 28, 2007). For similar reasons, however, *Jones* is distinguishable. In *Jones*, the motion to compel arbitration was brought "comparatively late in [the] litigation process, and long after the parties (and the Court) have expended considerable resources in discovery and other proceedings." *See Jones v. Deutsche Bank AG*, No. C 5:04-cv-5357-JW-RS, 2007 WL 951811, at *1 (N.D. Cal. Mar. 28, 2007). *Jones* was a complex white collar fraud case alleging fraudulent tax strategies. In particular, the plaintiff in *Jones* brought an action for damages arising under, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act of 1970, fraud, conspiracy, breach of fiduciary duty, and unjust enrichment. The original complaint in *Jones* was filed on December 17, 2004 (the second amended complaint was filed December 2, 2005). The motion to compel arbitration and the motion to stay discovery were filed on March 2, 2007—over two years after the original complaint. The parties in *Jones* engaged in extensive motion practice, including briefing a motion to dismiss. And as Real Water notes "the motion to stay discovery was the 274th filing in that case" and the "moving party … was not a party to the arbitration agreement and made only an equitable estoppel argument to obtain the benefit of the arbitration

agreement." *See* ECF No. 26 at 7. The Court is not persuaded that the motion to compel and motion to stay were brought "comparatively late in this litigation process," or that "the parties (and the Court) have expended considerable resources in discovery and other proceedings."

In weighing the competing interests which will be affected by the granting or refusal to grant a stay, the Court finds that the risk that a stay will cause prejudice to the parties and to the orderly management of its docket at this point in the litigation does not outweigh the serious and irreparable prejudice, including the loss of the advantages of arbitration from the failure to grant a stay. The Court concludes that it is in the interest of conserving the resources of the parties and the Court to stay discovery in this action pending a determination of Real Water's motion to compel arbitration (ECF No. 17).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendant Real Water's Motion to Stay Pending the Court's Decision on Defendants' Motion to Compel Arbitration (ECF No. 24) is hereby GRANTED.

IT IS FURTHER ORDERED that discovery is STAYED until United States District Judge Jennifer Dorsey adjudicates Real Water's Motion to Compel Arbitration (ECF No. 17).

IT IS FURTHER ORDERED that a status hearing is scheduled for 11:00 a.m., December 15, 2017, in courtroom 3D.

DATED this 27th day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE